UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BURGH INVESTMENTS, INC.**     **CIVIL ACTION**

**VERSUS**     **No. 24-2339**

**WILLIAM RICHARD BURK, III**     **SECTION I**

## ORDER

Before the Court is plaintiff Burgh Investments, Inc.'s ("plaintiff") motion[1] for partial summary judgment and defendant William Richard Burk, III's ("defendant") motion[2] to defer consideration of defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). For the reasons that follow, the Court grants defendant's motion to defer consideration and dismisses plaintiff's motion for summary judgment without prejudice.

This case arises out of a home equity line of credit executed by defendant[3] and defendant's alleged failure to make required minimum payments.[4] Plaintiff's motion for summary judgment alleges that there is uncontested evidence that defendant is liable to plaintiff for the monetary sums for defendant's account balance.[5] Defendant argues that plaintiff's motion omits information essential to defendant's defenses, including an affirmative defense of fraud.[6] Defendant argues that the Court should

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 30.
[3] R. Doc. No. 1, ¶ 6; R. Doc. No. 5, ¶ 6.
[4] R. Doc. No. 1, ¶ 8.
[5] R. Doc. No. 29, at 1.
[6] R. Doc. No. 30-1, at 1.

defer consideration of plaintiff's motion until adequate discovery can be exchanged to allow defendant to adequately oppose the motion.[7] Defendant submits a declaration describing the need for additional discovery and the types of information that defendant expects discovery will reveal, including information on whether there was fraud.[8]

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "Rule 56(d) motions for additional discovery are 'broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). "When a party is not given a full and fair opportunity to discovery information essential to its opposition to summary judgment, the limitation on discovery is reversible error." *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 892 (5th Cir. 2021) (citation omitted).

Nevertheless, the party filing the Rule 56(d) motion or affidavit must demonstrate "how additional discovery will create a genuine issue of material fact." *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citation omitted).

---

[7] *Id.* at 1–2.
[8] *See* R. Doc. No. 30-3.

More specifically, "the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Biles*, 714 F.3d at 894 (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Defendant has adequately supported his motion with a declaration describing why he is unable to adequately oppose plaintiff's motion until the parties have had time to exchange discovery. Defendant has likewise identified a plausible basis for concluding that discovery may reveal evidence creating genuine issues of material fact. Accordingly,

**IT IS ORDERED** that defendant's motion to defer consideration of plaintiff's motion for partial summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment is **DISMISSED WITHOUT PREJUDICE** as premature, reserving the right of the party to refile at a later date, if necessary.

New Orleans, Louisiana, February 11, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE