UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURGH INVESTMENTS, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2339 |
| WILLIAM RICHARD BURK, III | * | SECTION "I" (2) |

## ORDER AND REASONS

Pending before me is Defendant William R. Burk III's Motion to Compel. ECF No. 65. Plaintiff Burgh Investments, Inc. filed an Opposition Memorandum. ECF Nos. 77. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant William R. Burk III's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

Defendant/Third-Party Plaintiff William Richard Burk III ("Biff") executed a home equity line of credit on January 13, 2015, in favor of Bank of New Orleans (the "HELOC"). ECF Nos. 1 ¶ 6; 1-2. Home Bank, N.A., became the holder and owner of the HELOC on September 15, 2015. ECF No. 1 ¶ 7. After Home Bank issued a delinquency notice on August 13, 2024, it assigned the HELOC to Plaintiff Burgh Investments, Inc. *Id.* ¶¶ 8-11; *see also* ECF Nos. 1-3 – 1-6. Burgh Investments filed suit to recover the full balance owed, with interest, on September 26, 2024. ECF No. 1 ¶ 12-14.

Biff filed an Answer and Third-Party Demand on October 29, 2024, naming William Richard Burk, IV ("Burk IV"), Sarah Burk Lazaro, Jacquelyn J. Burk, Louque Place, L.L.C., and Burk Property Investments, L.L.C. as third-party defendants and asserting breach of contract,

quantum meruit, and unjust enrichment claims, as well as seeking declaratory relief that Burk IV and Sarah Burk Lazaro are obligated to repay the HELOC. ECF No. 5 at 5, 13-15.[1] Judge Africk dismissed Biff's third-party claims against Burk IV, Sarah Burk Lazaro, Louque Place, L.L.C., and Burk Property Investments, L.L.C., but not claims against ex-wife Jacquelyn J. Burk, leaving only Biff's third-party claim against Jacquelyn as co-signer of the HELOC. ECF Nos. 35, 39. Biff filed an Amended Answer and Affirmative Defenses alleging confusion, fraud and holder in due course. ECF No. 53. Biff alleges that Burgh Investments committed fraud in August 2024 when it acquired the HELOC based on Burk IV's failure to disclose that they were the beneficiaries of the loan, is not a holder in due course because it knew the debt was overdue, and the debt was extinguished by confusion. *Id.* at 5-6. During discovery, Biff issued a subpoena duces tecum to Crescent City Bank and Trust seeking Burgh Investments' banking and financial information.

## II.    THE MOTION TO COMPEL

Biff issued discovery seeking detailed information about Burgh Investments' formation, business operations, ownership, corporate formalities, capitalization, bank accounts, bookkeeping, and meetings to further Biff's confusion and alter ego argument. ECF No. 65-1 at 6. Biff argues that the information sought relates to alter ego and is thus directly relevant to its defenses. *Id.* at 8-12. Biff also argues the information is relevant to the $900,000 debt based on his contention that he did not benefit from those funds and instead used them to make loans to his children. *Id.* at 12. Biff seeks to compel complete responses to Interrogatory Nos. 5, 6, 7, 8, 9, 11, 12, 13, 14,

---

[1] Biff contends that he and his ex-wife Jacquelyn opened a $400,000 line of credit with Regions Bank in 2008 and used those funds to help their son recover from Hurricane Katrina setbacks. ECF No. 65-1 at 1-2. Then in 2015, Biff obtained a $900,000 loan from Home Bank, using $400,000 of that loan to pay off the Regions line of credit and using the remaining $500,000 to build a home for his daughter Sarah. *Id.* Biff and his ex-wife divorced and entered into a community property settlement. *Id.* at 2-4. Biff then filed suit in state court against Burk IV, after which Jacquelyn donated her home to Burk IV, Burk IV created a new entity to acquire the HELOC, which entity obtained funds for same through a loan secured by Jacquelyn's former home. *Id.* at 4-5.

15, 16, 17, 18 and 19, Requests for Production Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15, and Requests for Admission Nos. 5, 6, 7, 8, 9, 10, 13, and 15.  *Id.* at 6, 9-12.

In Opposition, Burgh Investments argues Biff's discovery requests seek discovery that is not relevant to any claim or defense and are harassing and disproportional to the needs of the case. ECF No. 77 at 2-3, 10-11.  It argues that Biff's discovery is based on the faulty premise that Burgh Investments' internal structure and activities bear on its status as the HELOC's lawful holder entitled to enforce it when in reality the discovery relates to family dynamics (at issue in the parallel state court case) rather than the face of the note or chain of assignment.  *Id.* at 3-4.  Burgh Investments argues that Biff's discovery regarding holder in due course status[2] is not relevant to this case because any holder can enforce a note, with the "holder in due course" simply protected from certain personal defenses.  *Id.* at 4-5, 10-11.  Likewise, discovery regarding alter ego[3] and confusion[4] may be relevant to the pending state court claims based on Biff's alleged loans to his son, but those facts are not relevant in this case because confusion requires an obligor-obligee relationship on the same obligation, not simply the status as mutual obligors-obligees on different obligations.  *Id.* at 5-9, 10-12.

## III.    APPLICABLE LAW AND ANALYSIS

### A.    Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes the parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

---

[2] Interrogatories 5, 8, 12, 16, 17, 18, and 19, and Requests for Production 7, 8, 9, and 15. *See* ECF No. 65-10.
[3] Interrogatories 5, 6, 7, 8, 9, 11, 13, 14, 15, and 17, Requests for Production 5, 6, 7, 10, 11, 12, 13, and 14, and Requests for Admission 5, 6, 7, 8, 9, 10, 13, and 15.  *See* ECF No. 65-10.
[4] Interrogatories 5, 8, 13, 14, 18, and 19 and Requests for Production 15.  *See id.*

expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[5]

Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[6]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[7] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[8] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial; facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[9] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[10] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[11] However, the comments to Rule 26 "confirm that requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no

---

[5] FED. R. CIV. P. 26(b)(1).
[6] *Id.* at 26(b)(2)(C)(i)–(iii).
[7] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc*., No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[8] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[9] *Id.* at 590 n.5 (citation and quotations omitted).
[10] *Id*. at 590 (citations omitted).
[11] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'"[12]  Discovery directed only to dismissed claims and not any remaining claim is simply not relevant to the litigation nor proportional to the needs of the case.[13]

## 1. **Duties in Responding to Interrogatories**

Rule 33 requires a party to serve responses within thirty days of service, absent court order or stipulation.[14]  "Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[15]  A party served with written discovery then must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[16]  For objections, the party must state how the objection "relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."[17]  Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[18]

---

[12] *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) (quoting *Whitney v. Krystal Co.*, No. 10-773, 2012 WL 777161, at *1 (M.D. Ala. Mar. 7, 2012)).

[13] *See Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan, J.); *see also Johnson v. Hope Vill. Apartments*, No. 10-385, 2011 WL 13217330, at *3 (E.D. Tex. Aug. 30, 2011) (noting impropriety of seeking discovery on dismissed claims); *Socol v. Haas*, No. 18-90, 2021 WL 2635847, at *7 (W.D. Va. June 25, 2021) (denying discovery directed to dismissed claims but allowing discovery that also related to remaining claims).

[14] Fed. R. Civ. P. 33(b)(2).

[15] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977).

[16] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[17] *Cheshire v. Air Methods Corp.*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (internal quotations and citations omitted).

[18] *Chevron Midstream Pipelines LLC v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the

Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[19] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[20]  Where an interrogatory answer "'as a whole discloses a conscientious endeavor to understand the question and to answer fully that question,' a party's obligation under Rule 33 is satisfied."[21]  Although Rule 26(e) imposes an obligation to supplement responses,[22] that provision does not provide "an extension of the deadline by which a party must deliver" its information.[23]  Rather, the basic purpose of this rule is to prevent prejudice and surprise.[24]

### 2. Requests for Admission

Requests for admission are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence.[25]  "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[26]  Requests for admission allow litigants to winnow

---

objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).

[19] *Lopez* at 579 (citing 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2174 (3d ed. 2013)).

[20] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).

[21] *Id.* (brackets omitted) (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2177 (3d ed. 2010))).

[22] *Berenson v. Adm'rs of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 6372831, at *3 (E.D. La. Dec. 13, 2017); *see also Moore v. BASF Corp.*, No. 11-1001, 2012 WL 12990571, at *2 (E.D. La. May 2, 2012).

[23] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *see also Van Baelen v. Sabine Transp. Co.*, No. 00-2155, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.) (noting that Rule 26(e)'s duty to supplement does not enable a party to circumvent Rule 26(a)'s deadlines or a court's scheduling order).

[24] *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

[25] *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at *2 (E.D. La. June 27, 2007) (citations omitted).

[26] *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

down issues before trial and focus their energy and resources on disputed matters.[27]  Although Rule 36 requests for admission differ procedurally from interrogatories, the standards for discoverability of the information sought (e.g., relevance and proportionality) remain the same.

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either.  FED. R. CIV. P. 36(a)(1)(A).  The Fifth Circuit has explained that Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.[28]  Requests for admission are properly used for facts or facts as applied to law, but not for pure legal conclusions.[29]  A legal-related request for admission must connect the relevant legal proposition to specific facts and circumstances of the case.[30]

> Rule 36 instructs litigants how to answer and object to requests for admission:
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> The grounds for objecting to a request must be stated.  A party must not object solely on the ground that the request presents a genuine issue for trial.

FED. R. CIV. P. 36(a)(4)-(5).

---

[27] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting *In re Carney*, 258 F.3d 415,419 (5th Cir. 2001)).
[28] *In re Carney*, 258 F.3d at 419 (citations omitted).
[29] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting *Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003) (citing *In re Carney*, 258 F.3d at 418; 8A WRIGHT, MILLER & CANE, FEDERAL PRACTICE AND PROCEDURE § 2255 & n.8 (2003) (collecting cases)).
[30] *See* FED. R. CIV. P. 36(a) advisory committee's notes to 1970 amendment ("The amended provision does not authorize requests for admissions of law unrelated to the facts of the case."); *see also Thompson v. Beasley*, 309 F.R.D. 236, 241 (N.D. Miss. 2015).

Rule 37 does not provide for a motion to compel answers to Rule 36 nor does it contemplate a motion to deem requests admitted.[31]  Instead, the requesting party may file a motion to determine the sufficiency of an answer or objection to its requests for admission.  FED. R. CIV. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served, and if the court finds that an answer is noncompliant with the Federal Rules, it may order that the matter is admitted or direct the party to serve an amended answer.  *Id.*

## B.  Defenses to Enforcement of the Note; Holder in Due Course Status

Louisiana has adopted the Uniform Commercial Code governing negotiable instruments. LA. REV. STAT. §§ 10:3–101 to –604.  A valid negotiable instrument must "(a) be signed by the maker or drawer; and (b) contain an unconditional promise to pay a sum certain in money; and (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer."[32]  The holder who establishes these facts, subject to claims of payment or satisfaction under § 10:3–306, may enforce payment in its own name.[33]  When the maker's signature is admitted or established,[34] production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.[35]

Under § 10:3-301, the "'[p]erson entitled to enforce' an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.S. 10:3-309 or 10:3-418(d)."  A "holder" is the person in possession of a negotiable instrument

---

[31] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 416 (N.D. Tex. 2021).
[32] *Am. Bank v. Saxena*, 553 So. 2d 836, 842 (La. 1989) (citing LA. REV. STAT. § 10:3–104; *Bank of Am., N.A. v. World of Smiles*, No. 16-2874, 2017 WL 750400, at *6 (E.D. La. Feb. 27, 2017) (Brown, J.) (quoting *Pannagl v. Kelly*, 142 So. 3d 70, 73-74 (La App. 5 Cir. 2014) (citing LA. REV. STAT. § 10:3–104)).
[33] *Saxena*, 553 So. 2d at 842 (citing § 10:3-301).
[34] Unless specifically denied in the pleadings, each signature on an instrument is admitted.  *Pannagl*, 142 So. 3d at 74 (citing § 10:3–308).
[35] *Id.* (citing § 10:3–308(b)).

that is payable either to bearer or to an identified person that is the person in possession. § 10:1-201(b)(21)(A). The holder's status as a "holder in due course"[36] determines the applicable defenses that a defendant may assert.[37]

Specifically, § 10:3-305 permits a defendant to raise any defenses that would be available against a simple contract enforcement suit unless the plaintiff is a holder in due course (i.e. if he took the instrument for value, in good faith, and without notice of any defense or claim against it) in which case only certain defenses are available.[38] Against a holder in due course, the maker is limited to asserting "real" defenses, such as fraud in the factum and duress, as provided in § 10:3–305(a)(1). § 10:3-305(b).[39] Against a holder, the maker may assert those same defenses as well as other "personal" defenses, including all defenses of any party that would be available in an action on a simple contract and defenses of want or failure of consideration. §§ 10:3-305(a), (b), (c), :3-306.[40]

### C. **Confusion**

Confusion arises "[w]hen the qualities of obligee and obligor are united in the same person."[41] It requires the acquisition of full and perfect ownership of both sides of the same obligation.[42] And as the Fifth Circuit explained 25 years ago, confusion does not apply even when

---

[36] A holder in due course takes an instrument for value, in good faith, and without notice of any defense or claim against it. *Saxena*, 553 So. 2d at 842 (citing § 10:3-302(1)-(2)).

[37] *PlainsCapital Bank v. Rogers*, 715 F. App'x 325, 329 (5th Cir. 2017) (interpreting Texas law).

[38] *Wright v. Blue*, No. 16-9405, 2016 WL 4799102, at *4 (E.D. La. Sept. 13, 2016) (Brown, J).

[39] *See also Saxena*, 553 So. 2d at 842.

[40] *See also Saxena*, 553 So. 2d at 842.

[41] La. Civ. Code art. 1903.

[42] *See McAuslin v. Grinnell Corp.*, No. 97-775, 2000 WL 1191073, at *3 (E.D. La. Aug. 22, 2000) (Vance, J.); *HDRE Bus. Partners Ltd. Grp., L.L.C. v. Rare Hosp. Int'l, Inc.*, 484 F. App'x 875, 879 (5th Cir. 2012). Otherwise, confusion would extinguish only a portion of the obligation. La. Civ. Code art. 1905.

parties are both obligors and obligees of each other, but neither party is both obligor and obligee with respect to any one obligation.[43]

### D. **Analysis**

Although Burgh Investments' alleged failure to disclose certain information to Home Bank in connection with its 2024 acquisition of the HELOC note would have no impact on whether Home Bank in fact loaned Biff $900,000, as reflected in the HELOC note or whether Home Bank committed fraud in connection with that loan, to the extent that Biff has asserted not only real defenses available against both a holder and holder in due course but also any personal defenses only available against a holder, the distinction between holder and holder in due course is relevant to determine precisely what defenses may be asserted. Thus, absent a stipulation that Plaintiff is merely a holder and not a holder in due course, Defendant is entitled to full and complete responses to Interrogatory Nos. 12 and 16 and Request for Production No. 8, as these requests seek information relevant to determine whether Plaintiff's status as a holder or holder in due course.

However, Interrogatory Nos. 5, 6, 7, 8, 9, 11, 13, 14, 15, 17, 18 and 19 and Requests for Production Nos. 5, 6, 7, 9, 10, 11, 12, 13, 14, and 15 seek information regarding Burgh Investments' corporate structure, ownership, and management, banking information, property ownership, acquisition of the note from Home Bank, funding and payment sources, which for the reasons discussed above, are not relevant to any pending claim or defense. As previously ruled, Biff's alleged loans to Burk IV have no impact on whether Home Bank in fact loaned Biff the $900,000 represented by the HELOC note. And because neither Burk IV nor Burgh Investments signed the HELOC note nor did either of them borrow money from Home Bank, neither is an obligor on the HELOC note.

---

[43] *Worldwide Remediation, Inc. v. Onebane, Bernard, Torian, Diaz McNamara & Abell L. Firm*, 211 F.3d 948, 951 (5th Cir. 2000).

Even accepting Biff's disputed factual assertions as true (i.e., Biff used the HELOC loan proceeds to loan money to Burk IV (Burgh Investments' alleged alter ego) and his sister), at most, Biff has established that Biff and Burk IV/Burgh Investments are mutual obligors and obligees of one another, not that Burk IV/Burgh Investments is an obligor on the HELOC note. As such, even Biff's alleged mutual obligor-obligee relationships do not render Burk IV/Burgh Investments obligors on the HELOC note, as necessary for confusion.[44] Thus, the discovery directed to alter ego/confusion is not relevant to any claim or defense in this case. Rather, that discovery appears relevant to the potentially offsetting mutual, but separate, obligations at issue in the parallel state court case. Had Biff's claims based on his alleged loan to Burk IV not been dismissed from this case, the discovery may have been relevant. But those claims were dismissed from this case, and discovery is not allowed on dismissed claims. As such, these discovery requests fall outside of the parameters of Rule 26.

Requests for Admission Nos. 5, 6, 7, 8, 9, 10, 13, and 15 all appear to relate to the confusion/alter ego issue. Plaintiff's responses to each of these Requests include a relevance objection. For the same reasons that the interrogatories relating to the alter ego/confusion issues fall outside of the parameters of Rule 26, Plaintiff's relevance objection constitutes as sufficient response to the requests.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant William R. Burk III's Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.

---

[44] If the alleged loan from Biff to Burk IV were undisputed and liquidated, the doctrine of compensation (LA. CIV. CODE art. 1893) may apply, but that doctrine is different from confusion.

IT IS FURTHER ORDERED that Plaintiff either stipulate that it is not a holder in due course or deliver full and complete responses to Interrogatory Nos. 12 and 16 and Request for Production No. 8 within 14 days.

New Orleans, Louisiana, this ___21st___ day of May, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE