UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BURGH INVESTMENTS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-2339** |
| **WILLIAM RICHARD BURK, III** | **SECTION I** |

### ORDER AND REASONS

Before the Court is defendant William Richard Burk, III's ("Biff") motion[1] for temporary stay of execution of judgment. Plaintiff Burgh Investments, Inc. ("Burgh") opposes the motion. For the reasons that follow, the Court denies Biff's motion.

## I. BACKGROUND

The Court rendered a final judgment in favor of Burgh on June 2, 2025 in the amount of $935,752.05, with additional interest and the costs of proceedings, including reasonable attorney's fees.[2]

On June 27, 2025, Biff filed a motion[3] to alter, amend, and/or correct judgment pursuant to Federal Rule of Civil Procedure 59(e). Biff asks the Court to amend the allocation of liability such that he and third-party defendant Jacquelyn Burk ("Jackie") each owe half of the total amount to Burgh, rather than Biff being liable for the full amount and needing to "seek reimbursement from Jackie for her half."[4]

---

[1] R. Doc. No. 89.
[2] R. Doc. No. 80.
[3] R. Doc. No. 82.
[4] R. Doc. No. 82-1, at 3.

1

Burgh filed a response[5] in opposition on July 16, 2025. The motion will be submitted on July 23, 2025.[6] The Court has not yet decided the motion.

On July 3, 2025, before it filed its response in opposition to the Rule 59(e) motion, Burgh filed a motion[7] for examination of judgment debtor and an *ex parte* motion[8] for writ of execution, continuing writ of garnishment, and charging order. Burgh also filed another *ex parte* motion[9] for writ of execution and writ of garnishment on July 7, 2025. The Honorable Magistrate Judge Donna Phillips Currault granted Burgh's motion for judgment debtor exam[10] and ordered Biff to appear on July 23, 2025, at 11:00 am.

On the same day that Magistrate Judge Currault granted the motion for judgment debtor exam, Biff filed a motion[11] for temporary stay of execution of judgment pursuant to Federal Rule of Civil Procedure 62(f) as well as a motion[12] for expedited consideration of that motion. Biff argues that, pursuant to Rule 62(f), he is entitled to a temporary stay because his Rule 59(e) motion is still pending before this Court. The Court granted the motion for expedited consideration and ordered Burgh to respond by July 14, 2025.[13] Burgh timely responded,[14] arguing that neither Rule

---

[5] R. Doc. No. 94.
[6] *See* R. Doc. No. 82-2.
[7] R. Doc. No. 85.
[8] R. Doc. No. 86.
[9] R. Doc. No. 87.
[10] R. Doc. No. 88.
[11] R. Doc. No. 89.
[12] R. Doc. No. 90.
[13] *See* R. Doc. No. 91.
[14] R. Doc. No. 93.

62(f) nor the unresolved Rule 59(e) motion entitles Biff to a stay under the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62 governs the stay of proceedings to enforce a judgment. Pursuant to Rule 62(a), a party receives an automatic stay on the execution of a judgment and any proceedings to enforce it for 30 days after judgment has been entered, "unless the court orders otherwise." Fed. R. Civ. P. 62(a). "The decision of a court to stay the execution of judgment will generally be overturned only if the court has abused its discretion." *S. Pac. Transp. Co. v. San Antonio, Tex. By & Through City Pub. Serv. Bd.*, 748 F.2d 266, 270 (5th Cir. 1984) (citing *Geddes v. United Financial Group,* 559 F.2d 557, 561 (9th Cir. 1977)).

"At any time after judgment is entered," a party may obtain a stay under Rule 62(b) by providing a bond or other security. *See* Fed. R. Civ. P 62(b). Local Rule 62.2 requires that a *supersedeas* bond "be in the amount of the judgement plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise." The Court may set a different amount of security than that required by the Local Rules if a moving party demonstrates certain factors. *See Faciane v. Petrochem Field Servs., Inc.*, No. 18-899, 2019 WL 2995871, at * 2 (E.D. La. July 9, 2019) (Feldman, J.) (citing *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). A stay pursuant to Rule 62(b) takes effect when the court approves the security or bond and remains in effect for the time specified. *See* Fed. R. Civ. P. 62(b).

Rule 62(f) provides another ground for a stay: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). The purpose of Rule 62(f) is to "allow appealing judgment debtors to receive in the federal forum what they would otherwise receive in their state forum." *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993).

### III.   ANALYSIS

#### a.   Rule 62(f)

Because Biff primarily requests a stay pursuant to Rule 62(f),[15] the Court will address these arguments first. Rule 62(f) has two steps. *See Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2018 WL 3743812, at *3 (E.D. La. Aug. 7, 2018) (Barbier, J.) (citing *Wykle v. City of New Orleans*, No. 96-1369, 1997 WL 266615, at *1 (E.D. La. May 20, 1997)). First, the judgment must function as a lien on the judgment debtor's property in Louisiana. *See id.*; *see also* Fed. R. Civ. P. 62(f). The parties do not disagree as to whether the judgment results in a lien on Biff's

---

[15] Burgh argues that the stay pursuant to Rule 62(f) requires that Biff file a motion before he is entitled to a stay, even if a stay would be automatic in state court. *See* R. Doc. No. 93, at 3. It is clear to the Court that Biff intends the present motion to be his Rule 62(f) motion. *See* R. Doc. No. 89-1, at 3 ("Here, because Biff filed a Rule 59 post-trial motion, he seeks an order from this Court pursuant to Rule 62(f) staying execution and enforcement of the Court's June 2, 2025 Judgment without posting a bond or other security until 30 days after the Court's ruling on the post-trial motion.") (internal citations omitted). Burgh cites no authority that Biff's motion is untimely. Accordingly, the Court will determine if Biff is entitled to the stay he moves for.

4

property.[16] Since the first step was not contested, and is not determinative of the Court's holding, the Court will only address the second step.

The second step is to determine whether Louisiana law entitles the judgment debtor to a stay of execution. *See Parkcrest*, 2018 WL 3743812, at *3; *see also* Fed. R. Civ. P. 62(f). Biff argues that Louisiana Code of Civil Procedure articles 2252 and 2123 entitle him to a stay of execution until 30 days after the Court rules on any post-trial motion, including his 59(e) motion.[17] Burgh disagrees, arguing that the plain language of article 2123 is only applicable to a motion for a new trial or judgment notwithstanding a verdict and, therefore, Biff's Rule 59(e) motion does not entitle him to a stay under Louisiana law.[18]

Article 2252 states that "a judgment creditor may proceed with the execution of judgment only after the delay for a suspensive appeal has elapsed . . . ." La. Code. Civ. Proc. art. 2252. Article 2123 governs delay for a suspensive appeal. *See* La. Code Civ. Proc. art. 2123. Article 2123 reads, in relevant part:

> Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
>
> . . .
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict . . . .

---

[16] *See* R. Doc. Nos. 89-1 and 93.
[17] R. Doc. No. 89-1, at 6–7.
[18] R. Doc. No. 93, at 7–8.

*See id.* In other words, a motion for new trial or judgment notwithstanding the verdict stays execution of the judgment for thirty days after the court rules on the motion.

Biff's motion[19] to amend pursuant to Rule 59(e) does not delay the appeals clock under state law. There is no Rule 59(e) motion equivalent under Louisiana law. The closest analog to a Rule 59(e) motion, Louisiana Code of Civil Procedure article 1951, does not entitle Biff to a stay under Louisiana law because it is neither a motion for new trial nor a judgment notwithstanding the verdict.

The Louisiana Code of Civil Procedure provides three ways to modify a judgment: a motion to amend, La. Code Civ. Proc. art. 1951; a motion for a new trial, La. Code Civ. Proc. art. 1971; and an action for nullity of judgment, La. Code Civ. Proc. arts. 2001–2006. A motion to amend a judgment in Louisiana is used "to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation . . . [but] a final judgment may not be amended . . . to change its substance." La. Code Civ. Proc. art. 1951. A judgment cannot be amended under article 1951 if it in any way adds to, subtracts from, or affects the substance of the judgment, including the manner in which relief was granted. *See Wells v. Wells*, 150 So. 3d 907, 909 (La. Ct. App. 2014).

In contrast, a Rule 59(e) motion grants a litigant the opportunity to alter or amend judgment and grants the district court an opportunity to correct substantive mistakes. *See Banister v. Davis*, 590 U.S. 504, 507–08 (2020). Rule 59(e) motions can "change[ ] matters of substance, or resolve[ ] a genuine ambiguity, in a judgment

---

[19] *See* R. Doc. No. 82.

previously rendered." *See Wilmington Sav. Fund Soc'y, FSB v. Myers*, 95 F.4th 981, 982 (5th Cir. 2024) (quoting *Fed. Trade Comm'n v. Minneapolis–Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952)). In such cases, the appeal clock will run anew. *See id.* (citing *Fed. Trade Comm'n*, 344 U.S. at 212).

Biff is requesting to amend how the judgment allocates liability in his Rule 59(e) motion.[20] This is not analogous to an article 1951 motion because his request would change the manner in which Burgh's relief is granted. *See Wells*, 150 So. 3d at 909; *see also id.* ("The proper vehicle for a substantive change in a judgment [in Louisiana] is a timely motion for a new trial or a timely appeal.").

Even if Biff's Rule 59(e) motion was equivalent to a non-substantive motion to amend judgment pursuant to La. Code Civ. Proc. art 1951, the Court cannot conclude that he would be entitled to a stay pursuant to Louisiana law. Biff relies upon several cases from this Court where a motion to temporarily stay execution of judgment pursuant to 62(f) was granted.[21] But these cases are inapposite because, unlike Biff, the parties moving for a stay raised either a motion for new trial or motion notwithstanding the verdict, which indisputably entitled them to the stay pursuant to Louisiana law. *See La. Newpack Shrimp, Inc. v. Ocean Feast of China, Ltd.*, No. 19-12948, 2022 WL 131253, at *3 (E.D. La. Jan. 14, 2022) (Vitter, J.) (stay pursuant to 62(f) granted after the defendant's motion amended judgment and/or new trial was ruled on); *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-0491, 2020

---

[20] R. Doc. No. 82-1, at 3.
[21] R. Doc. No. 89, at 6–7.

WL 3188991, at *42–43 (E.D. La. June 15, 2020) (Ashe, J.) (stay pursuant to 62(f) granted after defendant's motion for judgment as a matter of law, motion to amend, and/or motion for a new trial was ruled on); *Cambridge Toxicology Grp., Inc. v. Exnicios*, No. 02-1469, 2005 WL 8173946, at *1 (E.D. La. Mar. 23, 2005) (Fallon, J.) (the defendant moved for judgment as a matter of law, amended judgment, and/or alternatively a new trial).

Biff has not provided the Court with any caselaw demonstrating that he is entitled to a stay under Louisiana law. Accordingly, the Court cannot conclude that Biff is entitled to a stay pursuant to Rule 62(f) as he awaits disposition of his Rule 59(e) motion.

### b. Rule 62(a)

Biff appears to also argue that the Court has discretion to extend the automatic stay granted by Rule 62(a), without requiring that he post security, until his 59(e) motion is disposed. Biff seems to argue that the Court should be persuaded by the fact that Rule 59(e) motions can suspend the finality of the judgment for the purposes of appeal. *See FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373 n.10 (1984). While that may be true, Biff does not explain why this fact governs stays pursuant to Federal Rules Civil Procedure 62(f) or 62(a). Moreover, Biff has not yet made any effort to pay any portion of the judgment, even the portion he concedes to owing.[22] So, to the extent that the Court has authority to extend a stay, the Court declines to do so.

---

[22] *See* R. Doc. No. 82-1, at 3.

8

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion for a temporary stay of execution of judgment is **DENIED.**

New Orleans, Louisiana, July 21, 2025.

                                          **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**