## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA


**BURGH INVESTMENTS, INC.**                                              CIVIL ACTION

**VERSUS**                                                                        No. 24-2339

**WILLIAM RICHARD BURK, III**                                          SECTION I

### ORDER AND REASONS

Before the Court is defendant William Richard Burk, III's ("Biff") motion[1] to alter, amend, and/or correct judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff Burgh Investments, Inc. ("Burgh") opposes the motion, arguing that the amendment Biff seeks is contrary to established law.[2] Biff filed a reply.[3] For the reasons that follow, the Court denies Biff's motion.

### I.  BACKGROUND

On June 2, 2025, the Court granted Burgh's motion for summary judgment against Biff in the amount of $935,752.05, with additional interest and the costs of the proceedings, including reasonable attorney's fees.[4] This amount represented the outstanding account balance with respect to a Home Equity Line of Credit ("HELOC") agreement that Biff executed and then failed to make payments on.[5] The Court also granted Biff's motion for partial summary judgment against third-party defendant Jacquelyn Burk ("Jackie"), ordering Jackie to "contribute one half of the total amount

---

[1] R. Doc. No. 82.
[2] R. Doc. No. 94.
[3] R. Doc. No. 95.
[4] R. Doc. No. 80.
[5] *See* R. Doc. No. 79, at 2.

that Biff Burk owes to Burgh,"[6] in line with the community property settlement agreement and consent judgment that were in place when they divorced in 2016.[7]

On June 27, 2025, Biff filed his motion[8] to alter, amend, and/or correct judgment pursuant to Rule 59(e). He asks the Court to amend the allocation of liability such that he and ("Jackie") each owe half of the total amount directly to Burgh, rather than Biff being liable for the full amount and needing to "seek reimbursement from Jackie for her half."[9] This change, argues Biff, merely clarifies the judgment and better reflects the Court's "determination that Jackie is liable for one half of the amount owed to Burgh."[10] Biff predicts that this amendment is necessary to avoid "manifest injustice by prolonging this litigation insofar as he would be compelled to separately enforce the [j]udgment against Jackie."[11]

Burgh filed a response[12] in opposition on July 16, 2025, disputing Biff's characterization of his requested amendment as non-substantive. In fact, it argues, Biff's amendment would substantively "chang[e] Biff's liability to Burgh."[13] Burgh maintains that its choice to seek judgment for the entire $935,752.05 against Biff alone was intentional and aligned with its rights pursuant to the HELOC agreement

---

[6] *Id.*
[7] *See id.* at 15–20.
[8] R. Doc. No. 82.
[9] R. Doc. No. 82-1, at 1, 3.
[10] *Id.*; *see also id.* at 5 ("The Court's judgment in this matter does not state that the defendants are cast in judgment solidarily to pay the sum due on the Note.").
[11] *Id.* at 5.
[12] R. Doc. No. 94.
[13] *Id.* at 5.

and Louisiana law because Biff and Jackie are solidary obligors.[14] Moreover, Burgh submits that Biff's motion is untimely because he "could have, and should have," raised this argument prior to judgment.[15] Ultimately, Burgh believes that Biff has not shown that the Court made any errors of law or fact warranting the "extraordinary remedy" contemplated by Rule 59(e).[16]

Biff replied[17] on July 21, 2025. He asserts that the relief he now seeks is exactly what he sought in his partial motion for summary judgment against Jackie.[18] And while Biff agrees that he and Jackie were solidary obligors under the HELOC agreement, he argues that the later-entered community property settlement agreement makes clear that "they each agreed to assume legal responsibility for one half of the debt at issue."[19] Because he and Jackie have "contracted otherwise," Biff asserts that Burgh cannot seek the entire amount from him alone.[20] Biff believes this interpretation is consistent with the Court's finding that the community property settlement agreement controls the parties' obligations on the debt.[21] Therefore, his amendment would be consistent with this Court's order and reasons[22] granting

---

[14] *Id.* at 5–6; *see also id.* at 3 ("[Biff's] motion is contrary to established law because Biff and Jackie are solidary obligors, allowing Burgh to enforce the note individually against only the defendant for the full amount.").

[15] *Id.* at 8–9 ("It was not until this motion that [Biff] decided to raise the argument that Jackie should pay half of the judgment to Burgh directly. As a result, his argument and motion are untimely.").

[16] *Id.* at 12.

[17] R. Doc. No. 95.

[18] *Id.* at 4.

[19] *Id.*

[20] *See id.* at 4–5.

[21] *Id.* at 5.

[22] R. Doc. No. 79.

Burgh's motion for summary judgment and Biff's motion for partial summary judgment.[23] Should the Court be unpersuaded, Biff also asserts that "[a]t a minimum, the Judgment should be amended to provide that Biff and Jackie are co-obligated for the amount of the Judgment."[24]

## II. LEGAL STANDARD

A motion pursuant to Rule 59(e) "calls into question the correctness of the judgment." *Allen v. Envirogreen Landscape Professionals, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citations omitted). "Granting such a motion is appropriate (1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021). A court may also, when deciding a Rule 59(e) motion, "make a clerical change, such as correct the names of parties or dates." *See Wilmington Sav. Fund Soc'y, FSB v. Myers*, 95 F.4th 981, 982 (5th Cir. 2024). A Rule 59(e) motion to alter or amend the judgment "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (citation modified). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Construction & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018).

---

[23] R. Doc. No. 95, at 5.
[24] *Id.* at 2.

### III.    ANALYSIS

The parties' disagreements with respect to whether Burgh's requested allocation of liability is "new" or whether the proposed amendment constitutes a substantive change to this Court's judgment are related. Both arise out of the parties' different interpretations as to what this Court considered and decided in its order and reasons[25] and corresponding judgment.[26]

To be clear, the Court intended the judgment as written.[27] And the manner in which the judgment directs its execution is consistent with the Court's order and reasons; the Court explicitly found that Burgh "exercised its option to demand a full performance of the promissory note by Biff" and that Biff was entitled to seek contribution from Jackie, subject to the terms of the consent judgment and community property agreement.[28]

The Court also preemptively addressed Biff's argument that the consent judgment overrides his solidary obligation in its discussion of whether Jackie was permitted to refuse to perform her obligations with respect to the HELOC agreement:

> [E]ven if Jaquelyn Burk were permitted to refuse to perform her obligations under the consent judgment . . . her remedy would be a rescission of the obligations in the consent judgment. *She would still be liable for the solidary obligations of the HELOC agreement because the consent judgment did not alter her underlying obligations pursuant to that agreement.* [29]

---

[25] R. Doc. No. 79.
[26] R. Doc. No. 80.
[27] *Id.*
[28] R. Doc. No. 79, at 16–17.
[29] *See id.* at 18–19 (internal citations omitted).

Biff points to no portion of this Court's order that supports his belief that the consent judgment or community property settlement agreement altered his obligations pursuant to the HELOC agreement. Regardless of whether Biff's motion for partial summary judgment sought the allocation and manner of execution of judgment he now seeks,[30] this was not the decision ultimately reached by the Court. Consequently, the amendment Biff requests would substantively change this Court's judgment and not serve as mere clarification. *Cf. GIC Servs., LLC v. Freightplus (USA), Inc.*, No. 13-6781, 2015 WL 5682605, at *2 (E.D. La. Sept. 25, 2015) (amending its judgment to correct a court-made miscalculation of damages).

Moreover, Biff has not identified any manifest errors of law that warrant this substantive change. *Cf. GIC Servs., LLC*, 2015 WL 5682605, at *4–5 (amending its judgment to remove a third-party's indemnity obligation in light of contrary precedent). In fact, the Court agrees with Burgh that the amendment Biff seeks would run afoul of Louisiana law. In Louisiana, "[a] failure to perform a solidary obligation through the fault of one obligor renders all the obligors solidarily liable for the resulting damages." La. Civ. Code art. 1800. "An obligee, at his choice, may demand the whole performance from any of his solidary obligors." La. Civ. Code art. 1795.

---

[30] *See, e.g.*, R. Doc. No. 62-1, at 7–8 ("Biff and Jackie made [the HELOC agreement] as co-borrowers but modified any joint and several liability at the termination of their matrimonial community pursuant to the clear and unambiguous terms of the Community Property Settlement.").

Louisiana law allows for a solidary obligor against whom the whole performance is sought to seek contribution from his co-obligors. *See* La. Civ. Code art. 1800 ("[T]he obligors not at fault have their remedy against the obligor at fault."); *see also* La. Civ. Code art. 1805 ("A party sued on an obligation that would be solidary if it exists may seek to enforce contribution against any solidary co-obligor by making him a third party defendant according to the rules of procedure . . . ."). "Among solidary obligors, each is liable for his virile portion." La. Civ. Code art. 1804. If the obligation arises from a contract, virile portions are presumed to be equal unless there exists an agreement or judgment to the contrary. *Id.* However, each obligor's liability for his virile portion exists among solidary obligors—not as a shield against the rights of the obligee. *See Bedding Plus, LLC v. Com. P'ship #1155*, 370 So. 3d 508, 514 (La. Ct. App. June 20, 2023) ("[A]rticle [1804] focuses on a division of the solidary obligation *between the obligors* pursuant to their agreement or after a judgment finding the obligors owe something other than equal virile shares.") (emphasis added). In fact, article 1795 makes clear that "[a] solidary obligor *may not* request division of the debt." La. Civ. Code art. 1795 (emphasis).

Biff does not dispute that he and Jackie were solidary obligors under the HELOC language.[31] Instead, Biff seems to argue that the community property settlement agreement, "wherein they each agreed to assume legal responsibility for

---

[31] *See* R. Doc. No. 95, at 4.

one half of the debt at issue," overrides his solidary obligation to Burgh for the full amount of the debt.[32] Biff is wrong.

Biff and Jackie's agreement does not release either of them of their obligation to Burgh. *See Rodman v. Restivo*, No. 09-3395, 2010 WL 60188, at *1 (E.D. La. Jan. 5, 2010) (Duval, J.) (holding that, until the debt owed to the obligee is extinguished, each obligor remains liable for the balance of the debt notwithstanding an individual obligor having paid their virile portion as established in a settlement agreement). Furthermore, the manner in which the Court ordered judgment to be executed is consistent with the purposes of solidary liability in Louisiana: "Solidary liability is designed to protect the obligee by placing responsibility for the debt fully on the obligors, who can then seek contribution from one another." *P H I, Inc. v. Apical Indus., Inc.*, 946 F.3d 772, 777 (5th Cir. 2020). It was Burgh's choice to seek the full amount of the loan against only one of the solidary obligors. Biff's motion is precisely a request for division of the debt that Lousiana law prohibits. *See* La. Civ. Code art. 1795. Because Biff has not shown that the amendment he seeks would correct a manifest error of law or fact, the Court denies his Rule 59(e) motion.

## IV. CONCLUSION

For the foregoing reasons,

---

[32] *Id.*; *see also id.* at 1 ("Biff made clear that, although the HELOC document states that Biff and Jackie are jointly and severally liable for the debt, he and Jackie, pursuant to the Community Property Settlement, contracted otherwise–namely, that each party is liable for half of the $900,000 debt.").

**IT IS ORDERED** that defendant's motion to alter, amend, and/or correct judgment pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED.**

New Orleans, Louisiana, July 23, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**