UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURGH INVESTMENTS, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2339 |
| WILLIAM RICHARD BURK, III | * | SECTION "I" (2) |

### ORDER AND REASONS

Pending before me are Plaintiff Burgh Investments, Inc.'s *Ex Parte* Motion for Writ of Execution, Writ of Garnishment, and Charging Order (ECF No. 86) and *Ex Parte* Motion for Writ Execution and Writ of Garnishment (ECF No. 87). By Order dated July 24, 2025, the Honorable Lance M. Africk referred these matters to the undersigned for determination. ECF No. 104.

Having considered the record, the submissions, and the applicable law, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motions for the reasons stated herein.

## I.     BACKGROUND

After acquiring a note and mortgage executed by Defendant/Third-Party Plaintiff William Richard Burk III ("Biff"), Plaintiff instituted this collection proceeding. After granting summary judgment in favor of Plaintiff and against Defendant, on June 2, 2025, the Honorable Lance M. Africk entered a Judgment in the amount of $935,752.05, with interest, attorneys' fees and costs. ECF Nos. 79, 80.

In the existing, closed case, by motions filed July 3, 2025, Plaintiffs seek to execute on the judgment by citing several non-parties (Burk Holding Co., Inc., Burk-Kleinpeter, Inc., Burk-Kleinpeter Services, Inc., Burk-Kleinpeter, LLC, Burk-Kleinpeter-Lunsford Engineers/Architects, PLLC, Pump Station Operations, LLC, Southeast Architecture, LLC, Capital One, N.A., JP Morgan Chase Bank, N.A. and Osaic Wealth, Inc.) and issuing garnishment interrogatories to

them.  ECF Nos. 86-6 through 86-12 & Nos. 87-6 through 87-8 (citations); Nos. 86-20 through 86-26 & Nos. 87-9 through 87-11 (interrogatories).

## II.    APPLICABLE LAW AND ANALYSIS

Although no party has raised the issue of subject matter jurisdiction, the Court is obligated to raise the issue *sua sponte* when jurisdiction appears questionable.[1]

"As actions supplemental to or in aid of execution, according to Federal Rule of Civil Procedure 69, garnishment actions are governed by state law to the extent it does not conflict with federal law."[2]

A garnishment proceeding is often "treated as part of the original action establishing primary liability, even if brought separately,"[3] and for that reason, some circuits rely on ancillary or supplemental jurisdiction to support the exercise of subject matter jurisdiction without requiring the judgment creditor to establish "an independent basis of subject matter jurisdiction."[4]  The Fifth Circuit, however, does not.  Rather, it construes garnishment actions as independent suits requiring an independent source of subject matter jurisdiction.[5]  While the prior termination of a proceeding does not ordinarily prevent the court from aiding in collection, this general rule gives way to the more specific exception when the subsequent action is new and independent from the first.[6]

Here, as in *Berry*, the underlying proceeding in which the money judgment was rendered has been closed after entry of Judgment, and the third parties against whom the garnishment is

---

[1] *In re Stonebridge Techs., Inc*., 430 F.3d 260, 265 (5th Cir. 2005)

[2] *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006).

[3] 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3013 n.16 (3d ed. 2023).

[4] *See, e.g.*, *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 313 (3d Cir. 2006) (quoting *Skevofilax v. Quigley*, 810 F.2d 378, 384 (3d Cir. 1987)); *Burgos-Yantin v. Mun. of Juana Diaz*, 909 F.3d 1, 7 (1st Cir. 2018).

[5] *Berry v. McLemore*, 795 F.2d 452, 456 (5th Cir. 1986) ("Thus, since any jurisdiction that this court had in [the first case] is not available to this court in the instant actions, we must find an independent basis for federal jurisdiction over these garnishment actions or else dismiss the suggestions of garnishment."); *In re Bass*, 171 F.3d 1016, 1024 (5th Cir. 1999) (same); *see also Butler v. Polk*, 592 F.2d 1293, 1295–96 (5th Cir. 1979).

[6] *Bass*, 171 F.3d at 1024 (citing *Berry*, 795 F.2d at 455).

being sought were not parties to the underlying proceeding.[7]  *Berry* thus requires that Plaintiff, as judgment creditor, establish an independent basis for subject matter jurisdiction over its garnishment proceeding brought under Federal Rule of Civil Procedure 69(a) against the non-party garnishees.[8]  Although the Supreme Court has approved the exercise of ancillary jurisdiction over supplementary proceedings (such as garnishment) involving third parties to assist in the protection and enforcement of federal judgments,[9] the Fifth Circuit has continued to apply *Berry* to hold garnishment proceedings are separate and distinct actions requiring an independent basis for subject matter jurisdiction.[10]  Until the Fifth Circuit rules otherwise, this court is not free to disregard *Berry,* even if the Supreme Court has "implicitly overruled" it.[11]

Because Plaintiff's motions do not identify an independent basis for subject matter jurisdiction over the garnishment actions, the Court must deny the motions.  Plaintiff may, however, re-file provided it can establish an independent basis for subject matter jurisdiction over the state-law-based garnishment proceedings.

## III.    <u>CONCLUSION</u>

Fifth Circuit precedent characterizes Plaintiff's garnishment proceedings as a separate and independent action that must be supported by an independent basis of subject matter jurisdiction.

Accordingly, for the foregoing reasons,

---

[7] *See* 795 F.2d at 455.

[8] *Denton v. Suter*, No. 11-2559, 2015 WL 510969, at *3 (N.D. Tex. Feb. 6, 2015); *see also Phillis N. Am., LLC v. U.S. Auto. Ass'n*, No. 25-1210, 2025 WL 1828523, at *2 (N.D. Tex. July 2, 2025) (discussing need for garnishment plaintiff to distinctively allege citizenship of each garnishee to support the exercise of diversity jurisdiction over garnishment proceeding).

[9] *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) (citing *Mackey v. Lanier Collection Agency & Serv., Inc*., 486 U.S. 825, 834 n.10 (1988)).

[10] The Fifth Circuit characterized *Berry* as binding precedent in 1999, which was several years after the Supreme Court's decisions in *Peacock* and *Mackey.  Bass*, 171 F.3d at 1024.

[11] *See In re Bonvillian Marine Serv., Inc*., 19 F.4th 787, 789, 792 (5th Cir. 2021) (quotation omitted).

IT IS ORDERED that Plaintiff Burgh Investments, Inc.'s *Ex Parte* Motion for Writ of Execution, Writ of Garnishment, and Charging Order (ECF No. 86) and *Ex Parte* Motion for Writ Execution and Writ of Garnishment (ECF No. 87) are DENIED WITHOUT PREJUDICE.

Signed this <u>30th</u> day of July, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE