UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURGH INVESTMENTS, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2339 |
| WILLIAM RICHARD BURK, III | * | SECTION "I" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Burgh Investments, Inc.'s *Ex Parte* Motion for Writ of Execution, Continuing Writ of Garnishment, and Charging Order. ECF No. 109. By Order dated August 15, 2025, the Honorable Lance M. Africk referred this matter to the undersigned for determination. ECF No. 110. Having considered the record, the submissions, and the applicable law, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion for the reasons stated herein.

## I.   BACKGROUND

After acquiring a note and mortgage executed by Defendant/Third-Party Plaintiff William Richard Burk III ("Biff"), Plaintiff instituted this collection proceeding. The Honorable Lance M. Africk granted summary judgment and entered Judgment in the amount of $935,752.05, with interest, attorneys' fees and costs on June 2, 2025. ECF Nos. 79, 80.

In the existing, closed case, by motions filed July 3, 2025, Plaintiff sought to execute on the judgment by citing several non-parties (Burk Holding Co., Inc., Burk-Kleinpeter, Inc., Burk-Kleinpeter Services, Inc., Burk-Kleinpeter, LLC, Burk-Kleinpeter-Lunsford Engineers/Architects, PLLC, Pump Station Operations, LLC, Southeast Architecture, LLC, Capital One, N.A., JP Morgan Chase Bank, N.A. and Osaic Wealth, Inc.) and issuing garnishment interrogatories to them. ECF Nos. 86-6 through 86-12 & Nos. 87-6 through 87-8 (citations); Nos. 86-20 through 86-26 & Nos. 87-9 through 87-11 (interrogatories). The Court denied those motions without prejudice because Plaintiff did not identify an independent basis for subject matter jurisdiction

over the garnishment proceedings, as required by *Berry v. McLemore*, 792 F.2d 452, 456 (5th Cir. 1986). ECF No. 108 at 3-4.

Currently pending is Plaintiff's second motion seeking to execute on the June 2, 2025, judgment in this case, requesting issuance of garnishment interrogatories and citing some of the same and other new non-parties (Burk Holding Co., Inc., Burk-Kleinpeter, Inc., Harrison-Burk-Kleinpeter, LLC, Southeast Architecture, LLC, Capital One, N.A., JP Morgan Chase Bank, N.A., WTC Development Limited Partnership, and Osaic Wealth, Inc.). ECF Nos. 109-18 through 109-25 (citations); Nos. 109-37 through 109-44 (interrogatories).

## II.    APPLICABLE LAW AND ANALYSIS

"As actions supplemental to or in aid of execution, according to Federal Rule of Civil Procedure 69, garnishment actions are governed by state law to the extent it does not conflict with federal law."[1] As the Court noted in its July 30, 2025, Order, unlike some other circuits that rely on ancillary or supplemental jurisdiction to support the exercise of subject matter jurisdiction over garnishment proceedings in the original matter,[2] the Fifth Circuit construes garnishment actions as *independent suits* requiring an independent source of subject matter jurisdiction.[3] And as previously explained in denying Plaintiff's first motion, "Fifth Circuit precedent characterizes Plaintiff's garnishment proceedings as a separate independent action that must be supported by an independent basis of subject matter jurisdiction." ECF No. 108 at 3.

---

[1] *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006).
[2] *See, e.g.*, *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 313 (3d Cir. 2006) (quoting *Skevofilax v. Quigley*, 810 F.2d 378, 384 (3d Cir. 1987)); *Burgos-Yantin v. Mun. of Juana Diaz*, 909 F.3d 1, 7 (1st Cir. 2018).
[3] *Berry*, 795 F.2d at 456 ("Thus, since any jurisdiction that this court had in [the first case] is not available to this court in the instant actions, we must find an independent basis for federal jurisdiction over these garnishment actions or else dismiss the suggestions of garnishment."); *In re Bass*, 171 F.3d 1016, 1024 (5th Cir. 1999) (same); *see also Butler v. Polk*, 592 F.2d 1293, 1295–96 (5th Cir. 1979).

Plaintiff's new filing appears to satisfy the obligation to establish an independent basis for jurisdiction (i.e., diversity under 28 U.S.C. 1332(a)), for the garnishment actions against the non-parties.[4]  The independent jurisdictional basis, however, is only one of *Berry*'s requirements.  As other district courts have recognized, *Berry* also requires the party seeking to enforce the judgment initiate "a separate proceeding from the action in which the judgment is entered."[5]  Accordingly, Plaintiff necessarily must initiate a separate action for its garnishment action against the cited non-parties; it cannot issue the garnishment interrogatories to non-parties by motion in this case.

### III.  **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Burgh Investments, Inc.'s *Ex Parte* Motion for Writ of Execution, Continuing Writ of Garnishment, and Charging Order (ECF No. 109) is DENIED WITHOUT PREJUDICE to Plaintiff's filing a garnishment in a separate proceeding.

New Orleans, Louisiana, this __20th__ day of August, 2025.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4] *See* ECF No. 109-1 at 2-5.
[5] *Sw. Marine & Gen. Ins. Co. v. Valentine*, No. 24-13, 2024 WL 5319132, at *2 (N.D. Tex. Dec. 11, 2024) ("The writ of garnishment, under the clear precedent of [the Fifth Circuit], is an action separate and independent from the action giving rise to the judgment debt." (quoting *Berry*, 795 F.2d at 455)), *R.&R. adopted*, 2025 WL 71992 (N.D. Tex. Jan. 10, 2025); *accord. Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 774 F. Supp. 3d 799, 803 (N.D. Tex. 2024); *see also Hernandez v. Aleman Constr., Inc.*, No. 10-229, 2014 WL 6481902, at *2 (N.D. Tex. Jan 29, 2014) (ordering issued writs of garnishment dissolved because *Berry* requires the executing party to first "initiate a new, separate action for any writ of garnishment" and then "establish an independent basis for federal subject-matter jurisdiction"); *Denton v. Suter*, No. 11-2559, 2015 WL 510969, at *3 (N.D. Tex. Feb. 6, 2015) (dissolving writ of garnishment and dismissing garnishee from the proceeding, even though executing party pleaded independent subject matter jurisdiction, because the party did not bring the garnishment action separately).